MERCY RANGER, Appellant, *v.* CHARLES B. GOODRICH, Respondent.

*Mortgage—Satisfaction.*

Where a note is given as a part payment of mortgage, the mortgagees cannot be compelled to cancel the mortgage until the note is paid.

PARKER, J.—This is an action to compel the satisfaction of a mortgage.

The Defendant had an assignment of a mortgage given to secure $1,300, but held it as trustee for the mortgagor to the extent of $400. The mortgagor being unable to pay the money secured, after such assignment to the Defendant, conveyed the mortgaged premises to the mortgagee.

The Plaintiff, owning a farm in Wisconsin, arranged with the Defendant to exchange it for his interest in the mortgage, that being $900, and one year's interest thereon.

After the conveyance to the mortgagees, the arrangement was changed, and Defendant procured from the mortgagor a warranty deed of the premises to the Plaintiff, who conveyed to Defendant her farm in Wisconsin, and gave him, for the mortgage, notes to the amount of $118, which amount they had consented to take for their interest in the mortgage. In reference to the interest of the mortgagees, Defendant acted as their agent, as Plaintiff knew.

The notes being unpaid, the question is whether the Plaintiff is entitled to have the mortgage wholly satisfied, or whether the mortgagees are entitled to its lien as security for the payment of the $118.

I think the referee was right in holding that the Defendant could not be compelled to satisfy the mortgage as to the interest held by the mortgagees, unless they were parties to the suit.

It is insisted that the referee has found as a fact, that the Plaintiff purchased the interest of the mortgagees for the $118, and hence that they have no further interest in it, and so are not

necessary parties. Taking the whole of the referee's report together, the finding of fact does not warrant that assumption.

The most that can be said is, that the purchase was a conditional one; the security of the mortgage for the $118 to remain in the mortgagees until the money was paid, or otherwise secured.

In this view, even if the mortgagees were parties, the view of the Supreme Court at General Term is correct, that the Plaintiff would be entitled to satisfaction of the mortgage only upon payment of the $118.

The judgment is clearly right, and should be affirmed.

All concur.

Affirmed.

JOEL TIFFANY,
State Reporter.
